UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CONRAAD L. HOEVER,**

    Plaintiff,

v.                                        Case No.: 3:23-cv-245-MMH-LLL

**J. WHITEHEAD,**

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, **J. WHITEHEAD** ("Deputy Whitehead"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and M.D. Fla. Loc. R. 3.01, moves to dismiss Plaintiff's Complaint in the above-entitled action, and in support, states:

1.    On March 6, 2023, Plaintiff, proceeding *pro se*, filed the instant action against Deputy Whitehead, in his individual capacity. (Doc. 1, p. 1).

2.    In November 2022, Plaintiff was detained at the Baker County Detention Center ("BCDC"), where Deputy Whitehead is employed. (Id. at p. 2).

3.    According to the Complaint[1], on November 25, 2022, Deputy Whitehead was handing out clean clothing to Plaintiff and other inmates. (Id.). Plaintiff alleges some of the clean laundry that was given had holes in it. (Id.).

---

[1] The factual allegations herein are taken from the Complaint and assumed to be true as is required at the Motion to Dismiss stage. By relying on the facts herein, Defendant in no way concedes that they accurately reflect the alleged events upon which Plaintiff's claim is based.

1

4. Plaintiff requested that Deputy Whitehead provide him other socks and Deputy Whitehead responded that he was not going to do that and Plaintiff needed to stick with what he had. (Id.).

5. Plaintiff told Deputy Whitehead that he would exchange Plaintiff's socks or "face a grievance of passing out bad and defective clothing." (Id.).

6. Plaintiff alleges that in response, Deputy Whitehead said the following:

> I told you I'm not going to exchange it. You have nothing to complain about. But since you said that you want to complain and file a grievance. I have the right remedy to stop you. You want to watch T.V., right? And when you reconsider, you can watch T.V. again.

(Id. at p. 3).

7. Plaintiff alleges Deputy Whitehead then turned off the television "in the middle of the World Cup soccer tournament." (Id.).

8. Plaintiff filed a grievance regarding the incident that same day. (Id.).

9. The following day, Plaintiff alleges Deputy Whitehead came into the dorm and made the following announcement:

> There are one or two of you in here who is (sic) messing it up for everyone in this dorm. Therefore, I want everyone (sic) of you to sit up for the 2 o'clock count until those who are causing this stop what they're doing and cooperate with what I'm doing.

(Id.).

10. Plaintiff alleges that upon Deputy Whitehead entering his room for the count, Plaintiff's roommate asked Deputy Whitehead to turn on the television on mute to watch the World Cup. (Id.)

11. Plaintiff alleges Deputy Whitehead responded:

2

> You see, this is one of the discretion thing (sic). I can let you watch it if I want, but because some of you want to write and complain about the television, I'm not going to do it. When you guys stop these, then I may decide to work with you guys.

(Id. at pp. 3-4).

12. Plaintiff's cellmate asked again for Deputy Whitehead to turn on the television, and Deputy Whitehead allegedly told the cellmate to ask his "bunky" and if he wanted to do what is right, then they may consider turning on the television. (Id. at p. 4).

13. Deputy Whitehead walked away without turning on the television. (Id.).

14. Plaintiff alleges this constitutes a violation of his rights to free speech under the First Amendment. (Id.).

15. Further, Plaintiff states he suffered "irreparable harm … and injustice … now and in the future," including his "jail reputation" because his fellow jail inmates blamed him for the loss of the television privilege and "defamation to his character." (Id.).

16. Plaintiff seeks nominal, compensatory, and punitive damages, among other relief. (Id. at p. 5).

17. The Complaint should be dismissed because Plaintiff failed to state a claim for relief upon which relief may be granted.

18. Independently, Plaintiff has failed to allege sufficient facts to deprive Deputy Whitehead of qualified immunity.

## MEMORANDUM OF LAW

### I.   Standard of Review

A court may dismiss a claim for the "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). To survive a motion to dismiss on such grounds, a complaint must have sufficient factual matter to state a claim that is plausible on its face, or, in other words, contain enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While not every minute detail is required at the pleading state, a complaint must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Although a *pro se* litigant is entitled to have his complaint construed liberally, he must still comply with the procedural rules governing the proper form of pleadings and state a claim upon which a court may grant relief. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Cafaro v. Wells Fargo Bank*, No. 8:15-CV-142-T-36AEP, 2015 WL 2341091, at *2 (M.D. Fla. May 13, 2015).

To survive a motion to dismiss under 42 U.S.C. § 1983, a *pro se* plaintiff must allege that: "(1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution." *Jones v. Brown*, 649 Fed. Appx. 889, 890 (11th Cir. 2016). Further, to overcome qualified immunity, a plaintiff must plead facts showing (1) that the official violated a statutory or constitutional right and (2) that the right was "clearly

4

established" at the time of the alleged conduct. *Echols v. Lawton*, 913 F.3d 1313, 1319 (2019) (*citing Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

## II.   Plaintiff Failed to State a First Amendment Retaliation Claim

Though not made clear, to the best the undersigned can determine, the crux of Plaintiff's Complaint is a First Amendment retaliation claim. The First Amendment protects "not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (internal citations omitted). To state a claim for a First Amendment retaliation claim under § 1983, a plaintiff must allege sufficient facts to establish (1) he engaged in constitutionally protected speech, (2) the defendant's retaliatory conduct adversely affected that protected speech and right to petition, and (3) a causal connection exists between the retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition. *Id.* at 1289 (internal citations omitted).

A prisoner's First Amendment rights to free speech and to petition the government may be violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment. *Stringer v. Jackson*, 392 Fed. Appx. 759, 761 (11th Cir. 2010). However, a plaintiff suffers an adverse action only when the allegedly retaliatory conduct "would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Pittman v. Tucker*, 213 Fed. Appx 867, 870 (11th Cir. 2007) (internal citations omitted). Meaning, though a plaintiff need not show that his own exercise of First Amendment rights has been chilled, a plaintiff must

5

be able to show that the retaliatory acts were "sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights." *Id.* Moreover, to recover for retaliation, plaintiff must show that the alleged retaliatory conduct resulted in something more than a "*de minimis* inconvenience.*" Bethel v. Town of Loxley*, 221 Fed. Appx. 812, 813 (11th Cir. 2006).

The proposition that turning off a television in a detention facility would likely deter a person of ordinary firmness from the exercise of his First Amendment rights is meritless. "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (internal citations omitted). "Prison officials are therefore accorded latitude in the administration of prison affairs. This latitude includes the withdrawal or limitation many inmate privileges and rights." *Jones v. Schwarz*, No. 3:18-CV-155-LC/MJF, 2021 WL 1201675, at *10 (N.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, No. 3:18CV155-MCR-MJF, 2021 WL 1196463 (N.D. Fla. Mar. 29, 2021) (*citing Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (citations and quotations omitted)). Indeed, inmates do not have a constitutional right to watch television. *Poulin v. Jeter*, No. 608-CV-299-ORL-31KRS, 2010 WL 3701384, at *8 (M.D. Fla. Sept. 15, 2010). Thus, Plaintiff's suggestion that Deputy Whitehead's refusal to permit Plaintiff to watch the World Cup is the type of conduct which would chill a person of ordinary firmness's speech is nonsensical. This is even evidenced by Plaintiff's own filing of a grievance *that same day*, filing an appeal of the grievance, and filing the instant action. (Doc. 1, p. 3).

Losing television privileges in a detention setting amounts to nothing more than a *de minimis* inconvenience. Accordingly, Plaintiff has failed to state a claim for relief. Plaintiff's Complaint is due to be dismissed for this reason.

### III. Deputy Whitehead Enjoys Qualified Immunity at the Pleading Stage

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine of qualified immunity shields officials from civil liability so long as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mathis v. Eslinger*, No. 3:19-cv-274-J-39JRK, 2020 WL 12432735, at *6 (M.D. Fla. August 5, 2020) (internal citations omitted). Although courts do not require a case directly on point, existing precedent "must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. Accordingly, qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 743 (internal citations omitted).

"Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense

as early in the lawsuit as possible." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotations and citations omitted).

To enjoy qualified immunity, a public official must show that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Id.* Plaintiff cannot dispute that Deputy Whitehead was acting within the scope of his discretionary authority during the incident which gave rise to the Complaint. Indeed, Plaintiff notes that in response to his grievance, he was told that Deputy Whitehead was in charge and that the television is a privilege and not a right. (Doc. 1, p. 3).

The subsequent inquiry is twofold: (1) whether the facts alleged show the official's conduct violated a constitutional right and (2) whether the right was clearly established at the time of the violation. *Ferraro*, 284 F.3d at 1194 (internal citations omitted). Assuming, *arguendo*, Plaintiff established a constitutional violation under the First Amendment (he did not), Plaintiff has failed to allege sufficient facts showing that the right was clearly established at the time of the challenged conduct.

While true that it is settled that the government may not retaliate against citizens for their exercise of First Amendment rights, "that principle does not resolve with 'obvious clarity'" that turning off a television or refusing to turn a television on in jail may constitute retaliation in violation of the First Amendment. *Echols*, 913 F.3d at 1324 (noting that the Supreme Court has long ruled that qualified immunity protects a badly behaving official unless he had fair notice that his conduct would violate the constitution). Because Plaintiff has not otherwise met his burden of establishing that

8

Deputy Whitehead violated *any* constitutional right, let alone a right that was clearly established, Deputy Whitehead is immune from suit and the Complaint should be dismissed.

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned conferred with Plaintiff, *pro se*, via email on January 16, 2024, advising of intent to file the instant motion and the bases for the same. Plaintiff responded that the undersigned was "entitled" to file a motion to dismiss and that he would respond to the motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, J. Whitehead, respectfully requests this Court enter an order dismissing the claim against him and granting such other relief this Court deems just and proper.

Dated this 16th day of January, 2024.

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
mspellman@sniffenlaw.com
**CHRISTEN A. PETRUZZELLI**
Florida Bar No. 1039528
cpetruzzelli@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendant Whitehead*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, and sent to Plaintiff via email (connahoever@gmail.com) and international mail at the following address:

Conraad L. Hoever
Hendrikus Straat 3
Uitvlugt
Paramaribo, Suriname

                                                                                         */s/ Christen A. Petruzzelli*
                                                                                        **CHRISTEN A. PETRUZZELLI**