# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION.

**CONRAAD HOEVER,**
**Plaintiff,**

**VS.**                                                                 Case No.: **3: 23-cv-245-MMH-LLL**

**J. WHITEHEAD,**
**Defendant.**
**_____/**

## PLAINTIFF'S RESPONSE TO "DEFENDANT'S MOTION TO DISMISS COMPLAINT."

COMES NOW, Plaintiff, Conraad L. Hoever, acting pro se, and respectfully moves this Honorable Court with this instant response to "Defendant's Motion to Dismiss Complaint," and states in support thereof the following:

### STATEMENT OF THE FACTS.

1. On and about March 6, 2023, Plaintiff filed a complaint with this Honorable Court alleging that while he was incarcerated (in Immigration Detention) at the Baker County Detention Center ("BCDC") in [Baker County] Mcclenny, Florida, Defendant J. Whitehead threatened and retaliated against the Plaintiff to prohibit Plaintiff from filing a grievance and/or complaining to administration about the conditions of his confinement (Doc. 1).

2. Despite of Defendant Whitehead's retaliatory action, Plaintiff filed a grievance to the prison administration complaining about the conditions of his confinement and Defendant Whitehead's conduct. It appeared that Defendant Whitehead responded to the grievance against him in violation of Florida Administrative Code (F.A.C.) Chapter 33 – that the subject of a grievance cannot be the one responding to the grievance [against him or her] he/she is the subject of.

3. Defendant Whitehead abused his custodial authority to instigate other prisoners against Plaintiff and seriously endangered Plaintiff's life in detention by professing that Plaintiff is the cause for them not being able to watch television and that if Plaintiff change his conduct and obey his orders, the television would go back on (Doc.1) (knowing that the World Cup [soccer] games are sentimental and imperative to the majority of the in-immigration detainees who are mostly from Latin America and Spanish background who can easily and literally *kill* for these games [being interrupted]).

4. On and about November 8, 2023, this Honorable Court directed service of the complaint upon Defendant Whitehead (Doc. 9).

5. On and about November 16, 2023, this Honorable Court received the return of service document that was successfully executed upon Defendant Whitehead (Doc. 10).

6. On and about January 16, 2024, Plaintiff received an email from Defense Counsel informing Plaintiff that she was Defense Counsel for Defendant Whitehead and that she intended to file a 'Motion to Dismiss Plaintiff's complaint' and asked for Plaintiff's position regarding her intent to file the motion.

7. Plaintiff responded to Defense Counsel's email indicating that Defense Counsel had failed to file a Notice of Appearance on behalf of Defendant Whitehead, and that she were not to communicate or correspond with Plaintiff about the case until she had lawfully and formally file a notice of appearance with the court and send him a copy. Plaintiff informed defense counsel further that it was her loyal obligation to her client to file a Motion to Dismiss and that when she would do so, Plaintiff would formally respond to such to the Court.

8. Immediately after Plaintiff's response to Defense Counsel's email to Plaintiff on January 16, 2024, did Defense Counsel file a "Notice of Lead Counsel Designated by Michael P. Spellman on behalf of Defendant Whitehead" (Doc. 11); a "Notice of Appearance by Christen Ann Petruzzelli on behalf of J. Whitehead" (Doc. 12); and, a "Motion to Dismiss Complaint" (Doc. 13), and sent copies to the Plaintiff.

9. As a result of the Defendant's actions against the Plaintiff, the Plaintiff's First Amendment rights under the United States Constitution were violated. The Plaintiff suffered injuries against his Constitutional rights and against his person, and is therefore seeking damages to be determined by a jury.

10. Now, in response to the Defendant's "Motion to Dismiss Complaint" (Doc. 13), the Plaintiff submits his response thereto, and states in support thereof the following:

**MOTION TO DISMISS STANDARD.**

"On a motion to dismiss for failure to state a claim, question for trial court is not whether plaintiff will ultimately prevail, but whether his complaint is sufficient to cross federal court's threshold." *Skinner v. Switzer*, __U.S. __, 131 S. Ct. 1289, 1296 (U.S. 2011).

"A federal court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (U.S. 1974).

"[W]e also review *denovo* the grant of a motion to dismiss under rule 12 (b) (6), 'accepting the allegations in the complaint as true' and construing them in the light most favorable to the plaintiff." *Reese v. Ellis*, 678 F. 3d 1211, 1215 (11th Cir. 2012).

"All evidence and reasonable factual inferences drawn therefrom are viewed in the light most favorable to the party opposing the motion" *Pittman v. Tucker*, 213 Fed. App'x 867, 869 – 70 (11th Cir. 2007).

"Credibility determinations the weighing of evidence, and the drawing of legitimate inferences from the facts, are jury functions, not those of the Judge 'we must solve all these factual disputes in plaintiff's favor. *See Reeves*, 530 U.S. at 150 – 151, 120 S. Ct. at 2110 (*quoting, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d (1986)." *Booth v. Pasco County, Fla*, 2014 WL 3031177 *6 – 7 (11th Cir. 2014).

**ARGUMENT AND MEMORANDUM OF LAW**

I. The Defendant argued that "**Plaintiff failed to state a First Amendment Retaliation Claim**" (Restated).

The Defendant contends that "to survive a motion to dismiss under 42 U.S.C. § 1983, a pro se plaintiff must allege that: "(1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution." *Jones v. Brown*, 649 Fed. App'x 889, 890 (11th Cir. 2016) *id*. at 4.

1). Plaintiff's avers that **Defendant Whitehead acted under color of state law**. Defendant Whitehead acted at all times mentioned of the infractions in the complaint (Doc. 1) as Deputy Sheriff employed and in active duty with the Baker County Sheriff's Office in Baker County, Florida at the Baker County Detention Center in Mcclenny, Florida, where the Plaintiff was incarcerated.

2). **Defendant Whitehead deprived Plaintiff of a right secured by the Constitution**. Defendant Whitehead infringed upon Plaintiff's First Amendment right to free speech when he threatened Plaintiff to deprive Plaintiff of the privilege of watching television because of Plaintiff's desire to exercise his right of free speech under the First Amendment of the United States Constitution to file a grievance to prison administration concerning the conditions of his confinement (*i.e.*, that the clothing exchange to the plaintiff were not in good condition and for no penological interest to the prison, Defendant Whitehead refused to exchange the damaged clothing). In an effort to stop Plaintiff from complaining and to exercise his First Amendment right to free speech, Defendant Whitehead used what he had at his disposal (as he was in custodial authority over Plaintiff), to stop Plaintiff from exercising that right. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Forrow v. West*, 320 F. 3d 1235, 1248 (11th Cir. 2003). "It is an established principle of Constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to prison administration about the conditions of his confinement." *Smith v. Mosley*, 532 F. 3d 1270, 1276 (11th Cir. 2008).

Retaliation against expression of grievances is arguably the most impactful and harmful First Amendment violation a prisoner can suffer. Without access to the grievance process, a prisoner is entirely at the whimps/mercy of rogue correctional officers while in custody. Any attempt to stop a prisoner from filing a grievance is in violation of the law. *Forrow v. West, supra*. Filing grievances is the only avenue prisoners have available to remedy bad acting and rogue officers. **Retaliation therefore, in any form,** robs a prisoner of due process because it eliminates left open avenues of relief that are ample for constitutional purposes. "[F]or state prisoners, eating, sleeping, dressing, washing, working, and playing are all done under the watchful eye of the State." *Preiser v. Rodrigues*, 411 U.S. 475, 492 (1973).

Plaintiff asserts that "[T]here are three (3) elements to establish a retaliation claim:

1. His speech or act was constitutionally protected,
2. The defendants' retaliatory conduct adversely affected that protected speech, and

3. There is a causal connection between the retaliatory actions and the adverse effect on speech …. 'To establish causation element of 1983 free speech retaliation claim, Plaintiff must show that the Defendant was subjectively motivated to discipline the Plaintiff for exercising his First Amendment right.'" *Moton v. Cowart*, 631 F. 3d 1337, 1341 (11th Cir. 2011).

<u>Sub. 1</u>

**Plaintiff's speech and actions were constitutionally protected**. Plaintiff has the protected right under the Constitution of the United States to file grievances regarding the condition of his confinement. "It is an established principle of Constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison administration about the conditions of his confinement." *Smith v. Mosley*, 532, F. 3d 1270, 1276 (11th Cir. 2008). "Prison walls do not form a barrier separating prison inmates from the protection of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). "A prisoner does not shed such basic First Amendment rights at the prison gate, 'Rather he "retains all these rights of an ordinary citizen except those expressly, or by necessary implications, taken from him by law.*" Procunier v. Martinez*, 416 U.S. 396, 422 – 23 (1974) (citation omitted).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Forrow v. West*, 320 F. 3d 1235, 1248 (11th Cir. 2003). "Prisoners enjoy freedom of speech [and religion] under de First and Fourteenth Amendments." *Pell v. Procunier*, 417 U.S. 817, 825, 95 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974).

"Those [First Amendment] rights for prisoners can only be restricted if there is obvious signs that such rights, if not restricted, would interfere with security or legitimate penological interests of the penal institution." *Turner v. Safley*, 482 U.S. 78, 98 (1987).

<u>Sub 2.</u>

**Defendant Whitehead's retaliatory conduct adversely affected Plaintiff's protected speech.** "(Adverse actions which may show retaliation in violation of the First Amendment include denial of privileges or acts worsening an inmate's working condition") *Spencer v. Jackson County, Mo.*, 738 F. 3d 907, 911 (8th Cir. 2013). "The objective severity of harassment should be judged from a reasonable person in the plaintiff's position, considering all the circumstances. *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 1005, 140 L. Ed 2d 201 (1992). *Adams v. Austal, U.S.A., LLC*, 2014 WL 2726171 *5 (11th Cir. 2014). Defendant Whitehead intentionally and deliberately violated Plaintiff's right to free speech by placing a condition on Plaintiff's desire to file a grievance to prison administration. "The First Amendment bars retaliation for protected speech." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998).

The Defendant's contention that Plaintiff's Complaint is "meritless because '[i]nmates do not have a constitutional right to watch television'" *citing, Poulin v. Jeter* (M.D. Fla. Sept. 15, 2010) (Doc. 13) *id. at* 6

(citation omitted), is out to mislead the Court. The Defendant used less straight-forward methods to retaliate by controlling privileges over which he has direct control.

Inmates do not have the constitutional right to watch television, but inmates have the constitutional right to file grievances concerning the circumstances of their prison life, and any attempt by officials to impede or infringe upon that rights violates the law. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Forrow v. West*, 320 F. 3d 1235, 1248 (11th Cir. 2003). Even turning off the television in an effort to infringe upon that right violates the law. . "(Adverse actions which may show retaliation in violation of the First Amendment include denial of privileges or acts worsening an inmate's working condition") *Spencer v. Jackson County, Mo.*, 738 F. 3d 907, 911 (8th Cir. 2013). The Defendant deliberately shifts the focus from the intend to retaliate, to fabricate a simple right to watch television that could have been determined by discretion, rather than the deliberate intend to deprive Plaintiff from the right to file grievances. "Intentional torts as distinguished from negligent or reckless torts, generally require that actor intend consequences of an act, not simply the act itself." *Staub v. Proctor Hospital*, __ U.S. __, 131 S. Ct. 1186, 1191 (U.S. 2011). It is not the act of watching television that is at play here, but rather *it being used as a mechanism to stop and prohibit Plaintiff from exercising that right – to free speech*. "The First Amendment bars retaliation for protected speech." *Crowford-El v. Britton*, 523 U.S. 574, 592 (1998). It is for a jury to determine whether or not the act is severe enough to deter a person of ordinary firmness.

It is therefore not a determination for the court to apply at this stage, or at the motion to dismiss stage; and, whether or not it would *chill* or deter a person of ordinary firmness from exercising that right. "[A] jury may make the determination whether the action is adverse sufficient to constitute a First Amendment violation." *Pittman v. Tucker*, 213 Fed. App'x 867, 871 (11th Cir. 2007) (citation omitted), and the 11th Cir. Court of Appeals in *Pittman id.* held that the officer's **remark** of "**playing the game**" mounted to retaliation. *Id.* (emphasis supplied).

Sub. 3.

**There was a causal connection between Defendant Whitehead's retaliatory action and the adverse effect on Hoever's [Plaintiff's] [protected] speech**. Defendant Whitehead made it clear that his conduct was in direct response to Plaintiff's desire to file a grievance when he indicated that he had *the right remedy to stop Plaintiff from filing the grievance* by turning off the television in response to Plaintiff's desire to file a grievance. "To establish causation element of 1983 free speech retaliation claim, Plaintiff must show that the Defendant was subjectively motivated to discipline the Plaintiff for exercising his First Amendment right." *Moton v. Cowart*, 631 F. 3d 1337, 1341 (11th Cir. 2011).

Defendant Whitehead indicated that Plaintiff had not been deterred by Defendant Whitehead's actions because Plaintiff filed a grievance on the same day and appealed the grievance and that Plaintiff could not have been chilled by the Defendant's actions (Doc. 13) *id. at* 6. Despite the fact that Plaintiff did file the grievance,

Defendant Whitehead made all attempts to make the prison conditions and prison environment of the Plaintiff as dreadful and uncomfortable as possible for the Plaintiff by instigating other prisoners against the Plaintiff (Doc. 1).

The Defendant further contends that "[L]osing television privileges in a detention setting amounts to nothing more than a *de minimis* inconvenience" (Doc. 13) *id. at* 7. "(Adverse actions which may show retaliation in violation of the First Amendment include denial of privileges or acts worsening an inmate's working condition") *Spencer v. Jackson County, Mo*., 738 F. 3d 907, 911 (8th Cir. 2013).

Defendant Whitehead abused his custodial authority over Plaintiff and deliberately retaliated against the Plaintiff to violate Plaintiff's First Amendment right to free speech. This Honorable Court must **DENY** "Defendant's Motion to Dismiss Complaint."

**II** Defendants argued that "**Defendant Whitehead Enjoys Qualified Immunity at the Pleading Stage.**" (Restated).

Plaintiff asserts that **Defendant Whitehead is not entitled to qualified immunity**.

The Defendant contends that, "to overcome qualified immunity, a plaintiff must plead facts showing (1) that the official violated a statutory or constitutional right and (2) that the right was 'clearly established' at the time of the alleged conduct." *Echols v. Lawton*, 913 F. 3d 1313, 1319 (2019) (*citing Ashcroft v. al-kidd*, 63 U.S. 731, 735 (2011).

Plaintiff avers that:

(1) **Defendant Whitehead violated a statutory and/or constitutional right**. The right to free speech is an established constitutional right that the Defendant had violated. "It is an established principle of Constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison administration about the conditions of his confinement." *Smith v. Mosley*, 532, F. 3d 1270, 1276 (11th Cir. 2008). Any effort or act on the part of the Defendant to prevent, deter, or impede upon that right is a violation of constitutional proportion. "A prisoner does not shed such basic First Amendment rights at the prison gate, 'Rather he "retains all these rights of an ordinary citizen except those expressly, or by necessary implications, taken from him by law*." Procunier v. Martinez*, 416 U.S. 396, 422 – 23 (1974) (citation omitted).

(2) Plaintiff avers that **the right Defendant Whitehead violated was clearly established at the time of the alleged conduct**. The First Amendment right to free speech has been *clearly established*, and it has been clearly established that prison officials may not infringe upon that right. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Forrow v. West*, 320 F. 3d 1235, 1248 (11th Cir. 2003). "The First Amendment bars retaliation for protected speech." *Crowford-El v. Britton*, 523 U.S. 574, 592 (1998). "It is an established principle of Constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison

6

administration about the conditions of his confinement." *Smith v. Mosley*, 532, F. 3d 1270, 1276 (11th Cir. 2008). "Prison walls do not form a barrier separating prison inmates from the protection of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). "A prisoner does not shed such basic First Amendment rights at the prison gate, 'Rather he "retains all these rights of an ordinary citizen except those expressly, or by necessary implications, taken from him by law*." Procunier v. Martinez*, 416 U.S. 396, 422 – 23 (1974) (citation omitted).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Forrow v. West*, 320 F. 3d 1235, 1248 (11th Cir. 2003).

Less straight-forward forms of retaliation are applied by officials who, as in this case, know that their actions are in violation of the law, and are more difficult to detect, report, and deter; yet, these actions remain very impactful ways to retaliate against prisoners, simple because the principle of retaliating is well known by the official, as is here in this case before this Honorable Court. Correctional officers, such as Defendant Whitehead [turning off the television in retaliation against Plaintiff's protected speech], attempt to disguise their actions and attempt to **unlawfully shield behind qualified immunity** to restrict and control prisoners and infringe upon the prisoners' rights. Other examples include: 1) repeatedly transferring a prisoner to prevent them from filing grievances or accessing the courts, *see, e.g., Smith v. Fla. Dept. of Corr.*, 713 F. 3d 1059, 1065 (11th Cir. 2013); 2) making false allegations or filing false disciplinary reports to restrict other liberties, *see, e.g., Gomez v. Vernon*, 255 F. 3d 1118, 1127 (9th Cir. 2001); *Hicks v. Ferrero*, 241 F. App'x 595, 598 (11th Cir. 2007); and, 3) placing a prisoner in solitary confinement to cut off all outside contact, *see, e.g., Martin v. Duffy*, 858 F. 3d 239, 250 (4th Cir. 2017) (prisoner "remained in segregation for 110 days" as part of retaliation); *Smith v. Villapando*, 286 F. App'x 682, 685 (11th Cir. 2008) (retaliatory allegations resulting in disciplinary confinement).

**Therefore**, based on the foregoing, Plaintiff avers that Defendant Whitehead's "Motion to Dismiss Complaint" (Doc. 13), must be **DENIED.**

**WHEREFORE**, based on the foregoing, Plaintiff respectfully **PRAYS** with this Honorable Court to **DENY** the "Defendant's Motion to Dismiss Complaint."

Respectfully submitted,

/s/ Conraad Hoever
Conraad L. Hoever
Plaintiff, Pro se.

## **VERIFICATION**

      I DECLARE UNDER THE PENALTY OF PERJURY, that I have read and understand the content of the foregoing document, that it is filed in good faith and not for the purpose of delay or to mislead this Honorable Court or any party involved, and that the statements of facts therein are true and correct.

                                                                 /s/ Conraad Hoever
                                                                  Conraad Hoever,
                                                                  Plaintiff, Pro se.

## **CERTIFICATE OF MAILING**

      I HEREBY CERTIFY that a true and correct copy of this document was e-filed and served electronically to the Clerk of Court, U.S. District Court, Middle District of Florida, Jacksonville Division, and that a true and correct copy of this document was e-mailed to Christen A. Petruzzelli, Counsel to the Defendant, at cpetruzzelli@sniffenlaw.com, on this 26th day of February, 2024.

                                                                  /s/ Conraad Hoever
                                                                  Conraad Hoever,
                                                                 Plaintiff, Pro se.