UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONRAAD L. HOEVER,

       Plaintiff,

v.                                                          Case No. 3:23-cv-245-MMH-LLL

J. WHITEHEAD,

       Defendant.

_____

## ORDER

### I. Status

Plaintiff Conraad L. Hoever, a former detainee at the Baker County Detention Center, initiated this action on March 6, 2023, by filing a pro se Civil Rights Complaint (Doc. 1)[1] under 42 U.S.C. § 1983. He names Deputy J. Whitehead as the sole Defendant. Complaint at 1. In the Complaint, Hoever contends Deputy Whitehead retaliated against him in violation of the First Amendment. See generally Complaint. This matter is before the Court on Deputy Whitehead's Motion to Dismiss (Motion; Doc. 13). Hoever filed a response in opposition to the Motion. See Response (Doc. 14). Thus, the Motion is ripe for review.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

## II. Hoever's Allegations[2]

Hoever alleges that on November 25, 2022, Deputy Whitehead was exchanging dirty laundry for clean laundry when Hoever complained about holes in the clean laundry items. Complaint at 2. He asked Deputy Whitehead for another pair of socks, but Deputy Whitehead refused. Id. Hoever "told [Deputy Whitehead] that he were [sic] to exchange them or face a grievance of passing out bad and defective clothing." Id.  According to Hoever, Deputy Whitehead responded:

> I told you that I'm not going to exchange it. You have nothing to complain about. But since you said that you want to complain and file a grievance, I have the right remedy to stop you. You want to watch T.V. right? And when you reconsider, then you can watch T.V. again.

Id. at 3. Hoever alleges Deputy Whitehead then turned off the television "in the middle of the World Cup soccer tournament." Id. He filed a grievance about the incident that same day. Id.

Hoever asserts that Deputy Whitehead conducted "the 2:00 pm count" the next day and announced to the dorm:

> There are one or two of you in here who is [sic] messing it up for everyone in this dorm. Therefore, I want

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Hoever, and accept all reasonable inferences that can be drawn from such allegations. Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

> everyone of you to sit up for the 2 O'clock count until
> those who are causing this stop what they're doing and
> cooperate with what I'm doing.

Id. According to Hoever, when Deputy Whitehead arrived at Hoever's room,

his roommate asked if Deputy Whitehead could turn on the television so they

could watch the World Cup. Id. Deputy Whitehead allegedly responded:

> You see, this is one of the discretion thing. [sic] I can
> let you watch it if I want, but because some of you want
> to write and complain about the television, I'm not
> going to do it. When you guys stop these, then I may
> decide to work with you guys.

Id. at 3–4. Hoever asserts that before Deputy Whitehead left the dorm, his

roommate again asked Deputy Whitehead about the television, and Deputy

Whitehead responded, "Ask your bunky. If he wants to do what is right, then

it may be something to consider." Id. at 4. Based on the above, Hoever raises a

First Amendment retaliation claim against Deputy Whitehead. Id.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual

allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see

also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir.

2002). In addition, all reasonable inferences should be drawn in favor of the

plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless,

the plaintiff must still meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at

678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Summary of the Arguments

In his Motion, Deputy Whitehead argues that Hoever's claim against him should be dismissed because: (1) Hoever fails to state a claim upon which relief can be granted, and (2) Deputy Whitehead is entitled to qualified immunity. See Motion at 5–9. Hoever responds that he states a claim for relief, and Deputy Whitehead is not entitled to immunity because he violated a clearly established constitutional right. See Response at 3–7.

## V. Analysis

Deputy Whitehead requests dismissal of the First Amendment retaliation claim against him. See generally Motion. "The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation omitted). It is firmly established that "an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). An inmate may pursue a cause of action against a prison official who retaliated against him for engaging in that protected speech. Id.

> To establish a retaliation claim, a prisoner must demonstrate "that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal quotation marks and citation omitted). [A plaintiff] can prevail on a retaliation claim if "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023).

Here, Deputy Whitehead argues that Hoever fails to sufficiently plead the second prong of a retaliation claim. See Motion at 6–7. According to Deputy Whitehead, "[t]he proposition that turning off a television in a detention facility would likely deter a person of ordinary firmness from the exercise of his First Amendment rights is meritless," id. at 6, and the alleged action amounts to no more than a de minimis inconvenience, id. at 7. In response, Hoever contends Deputy Whitehead "seriously endangered Plaintiff's life in detention by professing that Plaintiff is the cause for [the other inmates] not being able to watch television." Response at 1.

Considering the well-pled allegations in the Complaint, the Court finds that Hoever fails to establish the second element of a retaliation claim. First, although the ordinary firmness test is objective, "how plaintiff acted might be evidence of what a reasonable person would have done." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (quoting Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003)). In this case, the conduct did not chill Hoever's speech because after Deputy Whitehead allegedly denied him television on November 25, 2022, he submitted a grievance and appealed the denial of the grievance. See Complaint at 2–3.

More importantly, a person of ordinary firmness would not be dissuaded from exercising his First Amendment rights in the face of Deputy Whitehead's

7

alleged actions. While an adverse action "need not rise to the level of a separate constitutional violation," Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989), in adopting the objective test, the Eleventh Circuit recognized that "government officials should not be liable when the plaintiff is unreasonably weak-willed or suffers only a 'de minimis inconvenience to [his] exercise of First Amendment rights,'" Bennett, 423 F.3d at 1252 (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005)). Here, Hoever merely asserts that Deputy Whitehead denied him a recreational privilege on two occasions. See Complaint at 2–4. He neither alleges that Deputy Whitehead's actions were part of a prolonged campaign of harassment, see Bennett, 423 F.3d at 1254, nor that Deputy Whitehead threatened him with bodily harm or denied him necessities.[3] Without more, Deputy Whitehead's alleged actions are not sufficiently adverse to fall within the

---

[3] In his Response, Hoever alleges "Deputy Whitehead made all attempts to make the prison conditions and prison environment of the Plaintiff as dreadful and uncomfortable as possible for the Plaintiff by instigating other prisoners against the Plaintiff." Response at 6. Hoever includes no such allegation in the Complaint, and he may not amend his Complaint in a response to a motion to dismiss. See Fed. R. Civ. P. 7(b); Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff cannot raise new arguments in a response to a motion to dismiss and instead must seek leave to amend his complaint). Regardless, the allegation by itself is conclusory.

purview of the First Amendment. As such, Hoever fails to state a retaliation claim, and Deputy Whitehead's Motion is due to be granted on this basis. [4]

Accordingly, it is now

**ORDERED:**

1.     Defendant J. Whitehead's Motion to Dismiss (Doc. 13) is **GRANTED**.

2.     Plaintiff Conraad L. Hoever's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of June, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/20
c:     Conraad L. Hoever
       Counsel of record

---

[4] Because the claim against Deputy Whitehead is due to be dismissed on this basis, the Court need not address his qualified immunity argument.

9